IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LEON McCALL, ) | |
|     Petitioner, ) | |
| v. ) | CIVIL ACTION NO.  11-00507-KD-C |
| ) | |
| BILLY MITCHEM, ) | |
|     Respondent. ) | |

**ORDER**

This matter is before the Court on Petitioner Leon McCall's *pro se* Rule 59(e) Motion to Alter or Amend Judgment. (Doc. 31). Specifically, McCall contends that the June 1, 2012 Order and Judgment (Docs. 27, 28) – which adopted the Report and Recommendation of the Magistrate Judge and dismissed as time-barred McCall's request for habeas corpus relief and denied a certificate of appealability-- is clearly erroneous. (Doc. 31 at 1-2).

As stated in Fetterhoff v. Liberty Life Assur. Co., 2007 WL 1713349, *1 (S.D. Ala. Jun. 11, 2007) (internal citations omitted and emphasis in original):

> The decision whether to alter or amend a judgment pursuant to Rule 59(e) is "committed to the sound discretion of the district judge." . . . :
>
> > A motion to alter or amend a judgment must demonstrate why the court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." .... courts have recognized three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. .... Reconsideration of a previous order is an *extraordinary* remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources . . .

See also e.g., Sonnier v. Computer Programs & Systems, Inc., 168 F. Supp. 2d 1322, 1336 (S.D.

1

Ala. 2001).  It is well settled that a Rule 59(e) motion may not be used to relitigate old matters or to present arguments or evidence that could have been raised prior to judgment.  <u>Shaarbay v. Florida</u>, 269 Fed. Appx. 866 (11th Cir. 2008) (unpublished).

McCall's Rule 59(e) motion has failed to demonstrate an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice. In sum, McCall has not set forth any basis for Rule 59(e) relief.  Accordingly, it is **ORDERED** that McCall's motion (Doc. 31) is **DENIED.**

**DONE** and **ORDERED** this the **19th** day of **July 2012.**

<u>/s/ Kristi K. DuBose</u>
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**